UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSE RUNDLE,

      Plaintiff,

v.                                                                  Case No: 2:14-cv-135-FtM-38CM

THE CITY OF FORT MYERS,
FLORIDA,

      Defendant.

## ORDER

Before the Court is Defendant's Motion to Compel Better Answers to Interrogatories (Doc. 36) and Plaintiff's Response (Doc. 41). Also before the Court is Defendant's Motion to Compel Compliance with Rule 26 Initial Disclosures (Doc. 37) and Plaintiffs' Response (Doc. 40). Discovery is set to close on February 17, 2015, and is set for the August 3, 2015 trial term. Doc. 23. The Court will consider each motion in turn.

*Motion to Compel Interrogatories*

Defendant moves to compel Plaintiff to provide a complete response to Interrogatory Nos. 2 and 3 of Defendant's First Set of Interrogatories. More specifically, Interrogatory No. 2 asked Plaintiff to:

> Identify by full name, last known mailing address and telephone number, each and every individual who has witnessed the events and/or has knowledge of information relevant to the allegations set forth in [Plaintiff's] Complaint.

Doc. 36 at ¶ 3. In response, Plaintiff listed 100 individuals, besides Plaintiff and Defendant. *Id.* at ¶ 4. Interrogatory No. 3 asked Plaintiff to describe in detail the nature and substance of the knowledge or information of those individuals identified in Interrogatory No. 2, to which Plaintiff responded:

> Rose Rundle is the Plaintiff in this case and the City of Fort Myers is the Defendant in this case and, as such, they have factual knowledge regarding the allegations of Plaintiff's Complaint against the Defendant. Otherwise, each and every individual identified above, may have knowledge regarding the allegations of Plaintiff's Complaint against the Defendant.

Doc. 36 at ¶¶ 5, 6. Defendant argues that this generic response is incomplete and unresponsive. The Court agrees. In her response to the Motion to Compel, Plaintiff states that she intends to provide supplemental interrogatory answers in effort to provide additional disclosures, which she should have done by now. Doc. 41. If Plaintiff has not already done so, she is directed to do so by November 17, 2014.

### *Motion to Compel Rule 26 Initial Disclosures*

Defendant moves to compel Plaintiff to provide more complete Rule 26 disclosures. Pursuant to Federal rule 26(a)(1)(A), a party must provide to other parties:

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

In disclosing a description of documents in her initial Rule 26 disclosures, Plaintiff stated:

> 1. All documents identified by Defendant in their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and other exhibit lists.

>    Plaintiff reserves the right to object to any exhibit identified by Defendant.
>
> 2. Any impeachment or rebuttal documents.
>
> 3. All documents produced in discovery or by any other method.
>
> 4. Plaintiff reserves the right to supplement disclosures throughout the discovery period.

Doc. 37 at ¶ 2.  Defendant argues that Plaintiff's generic references to any documents to be produced in discovery does not comply with Rule 26.  Defendant further asserts that during a recent deposition it was ambushed with documents for the first time that Plaintiff had not previously produced, identified or disclosed.  In response, Plaintiff states that all of the exhibits used at the deposition were part of the Defendant City's file and in the possession of the Defendant and were in fact produced by the Defendant.  Although that may be the case, the Court agrees with Defendant that Plaintiff's Rule 26 initial disclosures are not adequate.  Certain documents may be in Defendant's custody, but Plaintiff must still identify those categories of documents that it may use to support her claims or defenses, not just point to any documents that may be produced in discovery.  Moreover, if Plaintiff did not have this information at the time of her initial disclosures, Rule 26(e) provides a duty to supplement prior disclosures and amend discovery responses as appropriate during the course of litigation.  Fed. R. Civ. P. 26(e).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant's Motion to Compel Better Answers to Interrogatories (Doc. 36) is **GRANTED**. Plaintiff shall supplement her response to Interrogatory Nos. 2 and 3 on or before **November 17, 2014**.

2. Defendant's Motion to Compel Compliance with Rule 26 Initial Disclosures (Doc. 37) is **GRANTED**. Plaintiff shall supplement her Rule 26 disclosures on or before **November 17, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record